UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DIANA BACA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-04043-SLD |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is Plaintiff Diana Baca's unopposed Motion for Attorney's Fees, ECF No. 16. Baca makes her request pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. Attorney's fees under § 2412(d) of the EAJA are awarded not to attorneys themselves, but to the litigants they represent. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Here, Baca signed a fee agreement authorizing the payment of attorney's fees[1] to her attorney.[2]

---

[1] The Seventh Circuit has interpreted the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), to allow district courts to order fees to be paid directly to the lawyer where, as here, the client assigns the right to fees to her attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer. There is no indication of that in this case, so to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer."). Plaintiff's motion for fees initially did not include her fee agreement with her attorney, but Plaintiff has remedied this defect. She signed an agreement with her lawyer that states, in pertinent part: "If a court awards me fees under the Equal Access to Justice Act, I assign them to [my attorney], agree they can be paid directly to [my attorney], and authorize [my attorney] to endorse my name on checks paying them." Att'y Fee Agreement; ECF No. 17.

[2] It appears from the fee agreement and Plaintiff's motion that Baca agreed to remit her fee award to Thad J. Murphy. Jodee R. Dietzenbach, an attorney who works in Murphy's law practice, entered her appearance shortly after the answer was filed. Since it is Dietzenbach who requests the fees, and Dietzenbach who appears to have billed the hours here, apparently as part of her practice with Murphy, the Court finds it appropriate to order the fees in this case remitted to Dietzenbach.

On May 8, 2012, Baca filed her Complaint in this Court seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Administrative Law Judge's ("ALJ") decision denying her benefits. ECF No. 1. The Commissioner filed an Answer on September 14. On September 20, Jodee Dietzenbach appeared for Baca, and has represented her since. ECF No. 20. Baca filed a motion for summary judgment on October 8, ECF No. 9, and the Commissioner countermoved for summary affirmance of the ALJ's decision on January 4, 2013. ECF No. 11. The Court granted Baca's motion and denied the Commissioner's, finding that the ALJ had failed to incorporate his findings about Baca's difficulties with concentration, persistence, and pace into both his questions to a Vocational Expert and his ultimate determination of Baca's residual functional capacity. Sept. 27, 2013 Order 6–11; ECF No. 14. The Court remanded the case to the ALJ. *Id.* at 12. Baca then filed this motion.

I. **Attorney's Fees under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Baca is a "prevailing party" within the meaning of the EAJA, by virtue of having had her motion for summary judgment granted, her denial of benefits reversed, and her case remanded to the ALJ for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" conferred prevailing party status under the EAJA); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 79–92 (1989) (deeming prevailing party status appropriate when "the

plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))). There is also no evidence of special circumstances that would make an award of fees unjust, and Baca has a net worth of less than $2,000,000 as required by 28 U.S.C. 2412(d)(2)(B). *See* Mot. For Att'y's Fees 1, ECF No. 16.

The next question is whether Baca's request for attorney's fees was timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees shall, within thirty days of final judgment in the action, submit to the court an application for fees and expenses. The term "final judgment" refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Melkonyan*, 501 U.S. at 102; *Schaefer*, 509 U.S. at 302 ("[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'— *i.e.*, 30 days after the time for appeal has ended"). Here, Baca filed her Motion for Attorney's Fees on October 27, 2013, 30 days after the Court entered judgment on September 27, 30 days before the judgment had become unappealable and final, and 60 days before the final deadline to file the motion for fees. *See* Fed. R. App. Pro. 4(a) (60-day period to appeal entry of judgment in a civil case where federal officer is a party). The Court is therefore satisfied that Baca's Motion for Attorney's Fees was timely filed.

The last issue with respect to Baca's request for fees under the EAJA is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial

justification (the ALJ's decision is considered part of the Commissioner's pre-litigation conduct.) *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). In order for the Commissioner's position to be substantially justified it must have reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Baca's application for attorney's fees is unopposed by the Commissioner. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

## II. Reasonableness of Baca's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable rate. *Id.* This rate is calculated with reference to prevailing market rates, and capped at $125 per hour unless the court determines that an increase in the cost of living or a "special factor, such as the limited availability of qualified attorneys for the proceedings involved" warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A).[3] Increase of cost of living and "special factors" are separate and independent grounds upon which increased attorney's fees may be granted. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011).

---

[3] Despite the language of the statute, which specifies cost of living, the relevant inquiry is actually the "cost of providing legal services," which is related, but not necessarily in a direct or obvious way, to the cost of living. *See Mathews-Sheets*, 653 F.3d at 563. As the court noted in *Mathews-Sheets*, cost-of-living increases due to inflation, as measured by the Consumer Price Index ("CPI"), may not be directly reflected in the cost of providing legal services, whether because wages provided to clerical staff may not rise proportionally with inflation, or because technology gains or other efficiency improvements may offset the effects of inflation. *Mathews-Sheets* at 562–64.

4

In order to determine the appropriate number of hours worked, the Court turns to Attorney Dietzenbach's submitted "Itemization of Hours." Mot. Att'y's Fees, Ex. 1; ECF No. 16-1. The itemization states that Dietzenbach worked for 12.4 hours on Baca's case. The itemization primarily consists of time Dietzenbach spent preparing motions in Baca's case, and includes a half hour for drafting the instant motion seeking attorney's fees. The Court deems all 12.4 of Dietzenbach's billed hours properly compensable, including the half hour she spent preparing her request for fees. *See Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) ("counsel are entitled to full compensation, including the time spent pursuing requests for fees").

Baca argues that Dietzenbach should be compensated at a rate of $185 an hour. She claims both that the cost of providing legal services has increased since the current version of the EAJA was enacted, Mot. Att'y's Fees 4–5; and that Dietzenbach, the only attorney in the "local area" who "routinely litigate[s] federal Social Security disability claims," customarily charges $185 to $190 for such services. Pl.'s Att'y's Aff. Supp. EAJA Application; ECF No. 16-2.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the increased cost of providing legal services and by the limited availability of qualified attorneys in the area. To determine what fee increase above the statutory ceiling may be entailed by inflation, courts have used the ratio of Consumer Price Index ("CPI") at the time the current EAJA's statutory limit of $125 was set (March 1996) to the CPI at the time legal services were rendered. The $125 limit is multiplied by this ratio to determine the proportional change in fee. *See, e.g.*, *Booker v. Colvin*, No. 09-C-1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11-C-2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). Dietzenbach worked over the course of 19 months on this case, with the vast majority of the work performed in October 2013. *See* Mot. Att'y's Fees, Ex. 1. The CPI in that month for Midwest Urban areas

was $222.17.  *Consumer Price Index All Urban Consumers (CPI-U) Midwest*, U.S. Department of Labor Bureau of Labor Statistics (accessed on December 23, 2014), http://www.bls.gov/ro5/cpimidhistorical.pdf.  The CPI in the same region in March 1996, when the current EAJA fee ceiling of $125 was set, was $151.70.  *Id*.  $222.17 is 146.45% of $151.70; thus, the inflation-adjusted fee ceiling in this case would be 146.45% of $125, or $183.06 per hour.  Baca arrives at an adjusted fee ceiling of $187.80, apparently by using a CPI of $233.877 for the time she did her work.  Mot. Att'y's Fees 4.  Baca does not explain why she uses this number.  In any event, Baca asks only for $185 per hour, a number less than $2 per hour greater than the Court's calculation of the statutory ceiling scaled by CPI.  Coupled with Dietzenbach's affidavit, and the affidavit of Thad Murphy, both of which attest to the reasonableness of a $185 hourly fee for similar cases in this region, the Court is satisfied that $185 per hour is an appropriate rate of compensation.

Thus, for 12.4 hours of work, Dietzenbach's total reasonable attorney's fees are $2,294.00.

## CONCLUSION

Baca's unopposed Motion for Attorney's Fees, ECF No. 16, is GRANTED.  The Defendant is ORDERED to pay attorney Jodee R. Dietzenbach $2,294.00 in attorney's fees.

Entered this 5th day of January, 2015.

                                                         s/ Sara Darrow
                                                         SARA DARROW
                                        UNITED STATES DISTRICT JUDGE